IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

REGINA GROPPI,                         }
                                       }
    Plaintiff,                     }
                                       }
v.                                     }   Case. No.: 6:07-CV-1510-JHH
                                       }
MICHAEL J. ASTRUE,                     }
Commissioner of Social Security,       }
                                       }
    Defendant.                     }

## MEMORANDUM OPINION

Plaintiff, Regina Groppi, brings this action pursuant to Section 205(g) of the Social Security Act ("the Act") seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title XVI. See 42 U.S.C. §§ 405(g), 1383(c)(3). For the reasons outlined below, the court finds that the decision of the Commissioner is due to be affirmed because it is supported by substantial evidence and proper legal standards were applied.

I.    **Proceedings Below**

Plaintiff filed her application for DIB protectively on July 25, 2005, alleging a disability onset date of June 6, 2004, which was later amended to March 14, 2005. (R. 31-34). On September 26, 2005, Plaintiff's application was denied initially. (R. 26-28). At Plaintiff's request, an administrative hearing was conducted before an Administrative Law Judge ("ALJ") on December 6, 2006. (R. 29, 236-77). Both Plaintiff and Vocational Expert ("VE") Barbara Azzan testified at the hearing. (R. 238-77).

In the January 29, 2007 decision, the ALJ determined that Plaintiff was not eligible for DIB because she was not under a "disability," as defined by the Act, at any time through the date of decision. (R. 9-19). After the Appeals Council denied Plaintiff's request for review on June 20, 2007, (R. 4-7), that decision became the final decision of the Commissioner, and therefore a proper subject of this court's appellate review.

At the time of the hearing, Plaintiff was thirty-seven years old, a "younger" individual under the statutory framework, and had completed two years of college with no degree obtained. (R. 9, 32, 54, 59, 239). She has past relevant work experience as a food service worker, a drapery maker, a cashier, a rehabilitation counselor, a real estate assistant, a substance abuse counselor, and a parking enforcement officer. (R. 54, 59, 61-71, 272-74). According to Plaintiff, she has been unable to engage in substantial gainful activity since March 14, 2005, due to discogenic syndrome/herniated nucleus pulposus of the lumbar spine, paresthesia numbness, multi level disc disease with left-sided radiculopathy and facet joint arthopropathy, and bilateral carpal tunnel syndrome, which cause her to suffer back pain, migraine headaches, and numbness in her hands, left leg, and left foot. (R. 14, 53, 237, 242-65).

According to Plaintiff, she suffers from significant pain which affects her ability to sit, stand, and walk. She has indicated that she must change positions every fifteen minutes while standing, walking, or sitting. (R. 43). She testified that she must frequently lie down due to the severity of her pain. (R. 241). Although Plaintiff stated that she performs no housework at all, she is able to cook about three times a week without having severe pain. (R. 43). Plaintiff also indicated that she sometimes experiences difficulty showering due to severe pain and therefore seeks her husband's help with that and other personal hygiene activities. (R. 44). Plaintiff's husband does the majority

2

of their household shopping, and when Plaintiff does shop, she uses an electric cart. (R. 46). According to Plaintiff, she frequently elevates her legs due to swelling, and her pain limits her from performing any physical activity for more than fifteen minutes. (R. 263).

## II. ALJ Decision

Determination of disability under the Social Security Act requires a five-step analysis. *See* 20 C.F.R. § 404.1 *et. seq*. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Third, the Commissioner determines whether claimant's impairment meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. The claimant's residual functional capacity consists of what the claimant can do despite her impairment. Finally, the Commissioner determines whether the claimant's age, education, and past work experience prevent the performance of any other work. In making a final determination, the Commissioner will use the Medical-Vocational Guidelines in Appendix 2 of Part 404 of the Regulations when all of the claimant's vocational factors and the residual functional capacity are the same as the criteria listed in the Appendix. If the Commissioner finds that the claimant is disabled or not disabled at any step in this procedure, the Commissioner will provide no further review of the claim.

The court recognizes that "the ultimate burden of proving disability is on the claimant" and that the "claimant must establish a *prima facie* case by demonstrating that [s]he can no longer perform h[er] former employment." *Freeman v. Schweiker*, 681 F.2d 727, 729 (11th Cir. 1982) (other citations omitted). Once a claimant shows that she can no longer perform his past

3

employment, "the burden then shifts to the [Commissioner] to establish that the claimant can perform other substantial gainful employment." *Id.*

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset of disability on March 14, 2005. (R. 14). The ALJ found that, during the relevant time period, Plaintiff had the following medically determinable impairments, which he deemed to be "severe:" discogenic syndrome/herniated nucleus pulposus, paresthesia numbness, pain in the ankle and foot, and palpitations. (R. 14). Nevertheless, he determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the criteria of an impairment listed at 20 C.F.R. pt. 404, subpt. P, app. 1. (R. 16). According to the ALJ, Plaintiff's subjective complaints concerning her alleged impairments and their impact on her ability to work are not fully credible due to the degree of inconsistency with the medical evidence established in the record. (R. 17-18).

Moreover, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work, with certain limitations. (R. 16). Specifically, the ALJ found Plaintiff could sit for six hours in an eight-hour workday and stand and/or walk for six hours in an eight-hour workday. (R. 16). He did find that Plaintiff needs short breaks every hour to change positions and for stretching. (R. 16). Moreover, Plaintiff can lift ten pounds, but she cannot perform any repetitive carrying. (R. 16). He also found that Plaintiff is restricted from bending, stooping, or pushing and pulling more than fifteen pounds, and she cannot walk on uneven terrain, climb stairs or ladders, or drive for longer than thirty minutes. (R. 16).

The ALJ sought testimony from VE Barbara Azzan at the administrative hearing, and he posed hypothetical questions to her presenting two different scenarios of possible restrictions. (R.

274-76). Under both scenarios of restrictions, the VE determined that Plaintiff could return to her past relevant work as a substance abuse counselor and rehabilitation counselor, which she classified as "light" or "sedentary" in level of required exertion and "skilled" with some transferable skills. (R. 272-74). However, the VE did opine that if the ALJ were to fully credit Plaintiff's testimony that she could not sit longer than thirty minutes at a time and needed to lie down off and on during the workday, such pain would be of a moderately severe level and would preclude her return to her past relevant work. (R. 276). With the help of that testimony from the VE, the ALJ found that Plaintiff could return to her past relevant work as a substance abuse counselor and a rehabilitation counselor. (R. 16). Accordingly, the ALJ found that Plaintiff was not under a "disability," as defined by the Act, at any time through the date of decision. (R. 18).

### III. Plaintiff's Argument for Remand or Reversal

Plaintiff seeks to have the ALJ's decision, which became the final decision of the Commissioner following the denial of review by the Appeals Council, reversed, or in the alternative, remanded for further consideration. (Doc. # 6, at 8). Plaintiff argues that, for the following reasons, the ALJ's decision is not supported by substantial evidence and improper legal standards were applied: (1) the ALJ improperly applied the three-part pain standard and thus erroneously rejected Plaintiff's complaints of pain; and (2) the ALJ's residual functional capacity finding is baseless. (Doc. # 6, at 3-8).

### IV. Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, see 42 U.S.C. § 405 (g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th

Cir. 1982), and whether the correct legal standards were applied, see *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

## V. Discussion

Against that backdrop of applicable standards, the court rejects Plaintiff's arguments for remand and/or reversal. For the reasons outlined below, the court finds that the ALJ properly discounted Plaintiff's subjective complaints and appropriately calculated Plaintiff's residual functional capacity when he found that Plaintiff was not under a "disability" at any time prior to the decision.

A.  **Evaluation of Plaintiff's Subjective Complaints Under the Pain Standard**

Plaintiff contends that when determining her ability to work, the ALJ failed to appropriately evaluate her alleged pain and subjective symptoms in light of the "pain standard." (Doc. # 6, at 3-5). The Act and its related regulations provide that a plaintiff's statements about pain or other symptoms *will not alone* establish disability. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 416.929. Rather, medical signs and laboratory findings must be present to show a medical impairment that could reasonably be expected to produce the symptoms alleged. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

When, as here, a plaintiff alleges disability through subjective complaints of pain or other symptoms, the Eleventh Circuit's "pain standard" for evaluating these symptoms requires: (1) evidence of an underlying medical condition, and *either* (2) objective medical evidence confirming the severity of the alleged pain arising from that condition, *or* (3) that the objectively determined medical condition is of such severity that it can reasonably be expected to cause the alleged pain. *See* 20 C.F.R. § 404.1529; *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Holt*, 921 F.2d at 1223; *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). If the ALJ fails to credit a plaintiff's pain testimony, he must articulate reasons for that decision. 42 U.S.C. § 423(d)(5)(A).

After the application of the three-pronged pain standard, Eleventh Circuit jurisprudence requires a secondary inquiry, which evaluates the severity, intensity, and persistence of the pain and the symptoms a plaintiff actually possesses. Indeed, there is a difference between meeting the judicially created pain standard and having disabling pain; meeting the pain standard is merely a threshold test to determine whether a plaintiff's subjective testimony should even be considered at all to determine the severity of that pain. *See* 20 C.F.R. § 416.929(b) (2006); *Marbury v. Sullivan*,

7

957 F.2d 837, 839 (11th Cir. 1992) ("The Secretary must consider a claimant's subjective testimony of pain if [the pain standard is met]."). After considering a plaintiff's complaints of pain, an ALJ may then "reject them as not creditable." *Marbury*, 957 F.2d at 839. Although a reversal is warranted if the ALJ's decision contains no indication that the three-part pain standard was properly applied, *Holt*, 921 F.2d at 1223, the Eleventh Circuit has held that an ALJ's reference to 20 C.F.R. § 404.1529, along with a discussion of the relevant evidence, demonstrates the ALJ properly applied the pain standard, *Wilson v. Barnhart*, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

In this case, the ALJ's analysis comports with the requirements of the pain standard for evaluating Plaintiff's subjective complaints. The ALJ cited to both 20 C.F.R. § 404.1529 and the interpretive Eleventh Circuit caselaw outlining the pain standard, and he considered Plaintiff's symptoms and subjective complaints in light of the steps outlined therein. (R. 17-18). The ALJ determined that although Plaintiff does suffer from underlying medical conditions that relate to her allegations of back pain, migraine headaches, and numbness in her hands, left leg, and left foot, her statements concerning the pain caused by those conditions and its impact on her ability to work are not entirely credible, nor are those conditions of such severity that they could reasonably be expected to give rise to her alleged pain. (R. 17-18). In so finding, the ALJ conducted a thorough review of the opinions of Plaintiff's treating and examining sources and determined that Plaintiff's subjective complaints were not consistent with the objective evidence. (R. 17-21). *See* C.F.R. § 404.1529(c)(2).

Indeed, the observations and opinions of treating physician Dr. Scott Powers support the ALJ's decision to give less than full credit to Plaintiff's allegations of disabling back and leg pain. (R. 16, 17, 211-14, 219). With respect to Plaintiff's complaints of back pain, Dr. Powers diagnosed her with only "mild" disc degenerative findings as well as left-sided disc protrusions with no

8

stenosis. (R. 17, 213- 14). Plaintiff's complaints of numbness and left lower extremity pain were confirmed by Dr. Powers, but he questioned radiculopathy. (R. 17, 214). Overall, Dr. Powers found that based upon his treatment of Plaintiff, "the degree of pain and dysfunction seems to be out of proportion to the objective findings." (R. 17, 214).

Plaintiff's brief to this court completely ignores Dr. Powers' findings despite the fact that he is a treating physician, focusing instead on isolated comments from other physicians that do not accurately represent the entirety of the medical evidence. (Doc. # 6, at 5-7). For example, Plaintiff's brief highlights consultative examiner (non-treating) Dr. Mannie Joel's comment that her subjective low back pain is "constant and severe," (Doc. # 6, at 5 (citing R. 204)), while omitting his ultimate conclusion that with better pain control, Plaintiff should be able to tolerate an eight-hour work day with certain restrictions. (R. 198-210). Moreover, although Plaintiff implies that she cannot properly manage her pain or conditions because she cannot afford her prescriptions, the ALJ properly discounted those averments by observing that despite Plaintiff's alleged inability to purchase medicine, she nevertheless was able to afford her pack-a-day smoking habit. (R. 18, 153, 162, 168, 169, 180, 182, 184, 195, 203, 214, 252). *See also Sias v. Sec'y of Heath & Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988) ("The Social Security Act did not repeal the principal of individual responsibility .... If the claimant in this case chooses to drive himself to an early grave, that is his privilege – but if he is not truly disabled, he had no right to require those who pay social security taxes to help underwrite the cost of his ride.").

Additionally, as the ALJ noted, a thorough review of the record reveals that many of Plaintiff's pain complaints lack foundation in medical advice, opinion, or diagnosis. (R. 17). For example, although Plaintiff claims that she cannot work because she is required lie down during the

9

day, no doctor has ever instructed her to do so. (R. 17, 129-70, 179-207, 211-19, 241, 249). To the contrary, Plaintiff's doctors have advised her that *exercise* is best for her conditions, not remaining dormant all day. (R. 17, 134, 141, 164, 212, 245). Likewise, the record contains no medical evidence to support Plaintiff's averments that she must frequently elevate her leg due to swelling - indeed, there is no medical record of leg swelling complaints - or that she was prescribed a cane. (R. 17, 129-67, 179-96, 211-19, 263). Finally, Plaintiff's complaints to the ALJ of migraine headaches and carpal tunnel syndrome are not supported by any medical treatment or other comments from her doctors regarding those impairments. Such inconsistencies between Plaintiff's testimony and the medical evidence undermine her allegations of disabling pain. 20 C.F.R. § 404.1529(c)(4) (noting that in evaluating a claimant's subjective statements, consideration is also given to any conflicts between the claimant's statements and the rest of the evidence); *McCray v. Massanari*, 175 F. Supp. 2d 1329, 1338 (N.D. Ala. 2001) ("[T]he ALJ in entitled to consider inconsistencies between a claimant's testimony and the evidence in the record").

Thus, the court finds that the ALJ properly opined that Plaintiff's medical conditions are not of such a severity that they could reasonably be expected to cause the level of pain she alleges, nor is there sufficient objective medical evidence confirming the severity of Plaintiff's alleged pain arising from her conditions. The ALJ's decision to discount Plaintiff's subjective complaints is supported by substantial evidence.

**B.     Assessment of Residual Functional Capacity**

Next, Plaintiff argues that the ALJ's RFC finding that she can perform a restricted range of light work is not supported by substantial evidence or any medical opinion. (Doc. # 6, at 6-8). Specifically, Plaintiff takes issue with the ALJ's decision to adopt some, but not all, of the findings

of consultative examiner Dr. Mannie Joel and the ALJ's reliance upon the opinions of reviewing, non-examining physicians. Despite Plaintiff's arguments, a review of the ALJ's process of determining Plaintiff's RFC reveals that substantial evidence supports his conclusions and proper legal standards were applied in his analysis.

As a threshold matter, it is important to note that although an ALJ can consider opinions from acceptable medical sources when calculating a claimant's RFC, "the final responsibility for deciding [those] issues is reserved for the Commissioner." 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2)(2006); see SSR 96-5p, 61 Fed. Reg. 34471 (1996). Indeed, opinions on issues such as whether a claimant is disabled, the claimant's RFC, and the application of vocational factors, are not medical opinions, "but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; *i.e.* that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(e). Thus, it was appropriate for the ALJ to disregard Dr. Joel's opinion that Plaintiff is permanently disabled (R. 208), as he was not required to accept that portion of Dr. Joel's assessment. It was also appropriate for the ALJ to adopt some, but not all, of the work restrictions Dr. Joel suggested as the calculation of RFC is another matter reserved for the Commissioner.

In any event, as an examining physician, Dr. Joel's opinion is not entitled to the same deference owed to a treating source such as Dr. Powers. 20 C.F.R. § 404.1527(d)(2)(I); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). Nevertheless, and in spite of Plaintiff's complaints that the ALJ should have adopted more of Dr. Joel's opinion, the ALJ's opinion reveals that it was his reliance on the majority of Dr. Joel's prescribed restrictions that led to his conclusion that Plaintiff could return to her past relevant counseling work. The ALJ asked the VE to consider the limitations

opined by Dr. Joel, and the VE testified that Plaintiff could return to the two counselor positions. (R. 18, 205, 275). Although Plaintiff may quarrel that the ALJ not only was selective when deciding which of Dr. Joel's recommendations to adopt, but ultimately selected restrictions that permit Plaintiff to perform a range of work, the ALJ followed proper legal standards when doing so.

Next, Plaintiff makes much of the ALJ's reliance on the state agency non-examining consultant's opinion that Plaintiff could perform work at the light exertional level with limitations. (R. 18, 171-78). The court, however, finds no error in that reliance because it was commensurate with both the applicable legal standards and the other evidence of record as to each of Plaintiff's alleged impairments. The regulations provide that "[s]tate agency medical and psychological consultants are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings of state agency medical and psychological consultants or other program physicians or psychologists as opinion evidence, except for the ultimate determination about whether [claimants] are disabled." 20 C.F.R. § 404.1527(f)(2)(I). It was appropriate for the ALJ to consider the state agency consultant's opinion in his assessment of Plaintiff's RFC.

In any event, the ALJ's decision reveals his thorough consideration of all of the medical evidence of record – including other treating and examining sources like Dr. Powers, Dr. Joel, Dr. Steven Mann, Dr. Lisa Craig, Dr. Steven Fuller, and Dr. Muhammad Ali. (R. 15-16, 97-167, 179-96, 198-214, 218-19). Those opinions are commensurate with the observations of the state agency consultant. The ALJ's opinion contains a complete recitation of that evidence and, as outlined above, his ultimate findings were based upon - and are consistent with - the whole of the medical evidence.

This court is well-aware of its function as a reviewing court in this case. The Eleventh Circuit has made clear that the weighing of evidence is a function of the ALJ – not the district court. *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986). Indeed, even if the evidence preponderates against the ALJ's factual findings, this court must affirm the ALJ if his decision is supported by substantial evidence. *Ingram v. Astrue*, 496 F.3d 1253, 1260 (11th Cir. 2007). In this case, it is. Because the medical evidence simply does not support a finding that Plaintiff's conditions caused disabling limitations that preclude work at any level of exertion, this court finds that the ALJ's RFC assessment, and ultimately his finding that Plaintiff is not disabled, are supported by substantial evidence.

## VI. Conclusion

For all of these reasons, the court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and proper legal standards were applied in reaching this determination. The Commissioner's final decision is due to be affirmed, and a separate order in accordance with this memorandum opinion will be entered.

**DONE** and **ORDERED** this 10th day of October, 2008.

*/s/ James H. Hancock*
JAMES H. HANCOCK
UNITED STATES DISTRICT JUDGE